FILED

11/01/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0348

DA 21-0348

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 222N

ROBERT STINCHFIELD,

  Plaintiff, Appellant,
  and Cross-Appellee,

 v.

CITY OF SIDNEY,

  Defendant, Appellee,
  and Cross-Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,
       In and For the County of Richland, Cause No. DV-20-11
       Honorable Kaydee Snipes Ruiz, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  William A. D'Alton, D'Alton Law Firm, P.C., Billings, Montana

  For Appellee:

  Gerry P. Fagan, Afton E. Ball, Moulton Bellingham PC, Billings,
  Montana

Submitted on Briefs: September 21, 2022

Decided: November 1, 2022

Filed:

_____
        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Robert Stinchfield (Stinchfield) appeals from two Seventh Judicial District Court decisions denying his motions for partial summary judgment and judgment as a matter of law in his wrongful discharge from employment action. We affirm.

¶3     Following ongoing concerns regarding unsafe behavior, the chief of the Sidney Police Department (the Department) recommended Stinchfield's termination from the Department. The mayor of Sidney accepted the recommendation and terminated Stinchfield from his position as an officer on November 5, 2018. Stinchfield brought a suit for wrongful discharge against the City of Sidney (the City). On motion for summary judgment, and again on motion for judgment as a matter of law, Stinchfield argued that the City had not followed its own personnel policies when it terminated Stinchfield, in violation of § 39-2-904(1)(c), MCA. The City also filed its own motion for summary judgment. The District Court denied the motions and, following a four-day trial, the jury found in favor of the City. Stinchfield appeals the denial of his motions for summary judgment and judgment as a matter of law, while the City cross-appeals the denial of its motion for summary judgment.

¶4     This Court reviews a district court's decision on motions for summary judgment or judgment as a matter of law de novo for correctness. *Johnson v. Costco Wholesale*, 2007 MT 43, ¶ 18, 336 Mont. 105, 152 P.3d 727; *Krajacich v. Great Falls Clinic, LLP*, 2012 MT 82, ¶ 13, 364 Mont. 455, 276 P.3d 922.  Summary judgment is only appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Krajacich*, ¶ 13; M. R. Civ. P. 56(c)(3).  Judgment as a matter of law is properly granted only when there is a complete absence of any evidence which would justify submitting an issue to a jury and all such evidence and any legitimate inferences that might be drawn from the evidence must be considered in the light most favorable to the party opposing the motion. *Johnson*, ¶ 11; M. R. Civ. P. 50(a)(1).

¶5     A discharge is wrongful if the "employer materially violated an express provision of its own written personnel policy prior to the discharge, and the violation deprived the employee of a fair and reasonable opportunity to remain in a position of employment with the employer."  Section 39-2-904(1)(c), MCA.  Stinchfield argues that the City violated Policy 2.14 of the City of Sidney Employee Policy Manual (Policy Manual), which requires a supervisor to contemporaneously notify an employee and conduct an investigation into alleged policy violations upon learning of them.[1]  However, the "Exemptions" section of the Policy manual states:

> *The disciplinary procedures outlined in this manual do not apply to the police department*.  In addition, certain police personnel polic[i]es or policies related to safety sensitive functions may differ from this manual.

[1] Trial testimony indicated that Stinchfield's supervisors had repeatedly verbally informed Stinchfield of his deficiencies and had considered at length how to address these shortcomings, eventually putting him in remedial placements in hopes of improving his skills.

The City of Sidney recognizes that sworn members of the Police Department are governed by a set of rules, regulations, polic[i]es, procedures, directives, and disciplinary guidelines, some of which may be statutorily provided for. Therefore, it is intended that the polic[i]es contained in this manual shall act in conjunction with those Department rules, regulations, policies, procedures, directives and disciplinary guidelines as established and shall apply to any areas of employment by the City of Sidney, not specifically covered by Department rules, regulations, policies, procedures, directives, and disciplinary guidelines.

All such personnel should contact their supervisor for copies [of] the applicable personnel and disciplinary policies.

(Emphasis added.)

¶6 The procedures outlined in Policy 2.14—which commences with the statement that "City employees are subject to *disciplinary* action"—are clearly "disciplinary" in nature, and therefore subject to the Policy Manual's language exempting police department personnel. (Emphasis added.) Thus, the exemption section clearly indicates that Policy 2.14 is not applicable to City police officers such as Stinchfield.

¶7 Stinchfield's primary contention is that the mayor, by attaching Policy 2.16, titled Employee Grievance, of the Policy manual to Stinchfield's termination letter, conceded that the Policy Manual applies to police officers like Stinchfield. However, even if the act of attaching a grievance policy to a termination letter could somehow preclude the effect of the plain language of the Policy Manual's exemption section for purposes of § 39-2-904(1)(c), MCA, the mayor's act was not, in any event, inconsistent with the language clearly stating that only "disciplinary procedures," not grievance policies, are exempted.

¶8 The remainder of Stinchfield's legal arguments are difficult to discern. He quotes numerous pages from the trial transcript and disputes various items of testimony by City

4

witnesses regarding whether the Department had or applied disciplinary or termination procedures of its own, and whether the Department in fact "investigat[ed]" (rather than merely "evaluat[ed]" or remediated) Stinchfield's alleged performance deficiencies. However, police officers such as Stinchfield are clearly exempted from applicability of Policy 2.14 and Stinchfield himself asserts that there was no other termination policy promulgated by either the City or the Department that was applicable to him. Contrary to Stinchfield's argument, the Department's alleged lack of its own termination policy did not override the plain meaning of the opening sentence of the Policy Manual's Exemption Section.[2] Stinchfield fails to point to an applicable personnel policy and therefore cannot show that the undisputed facts or evidence demonstrate that the City violated its own policies under § 39-2-904(1)(c), MCA. The District Court did not err in denying Stinchfield's motions for summary judgment and judgment as a matter of law.

¶9     Because the District Court did not err in denying Stinchfield's motions and we therefore uphold the jury verdict in favor of the City, we need not reach the issue raised by the City's cross-appeal regarding whether the District Court erred in denying the City's motion for summary judgment.

---

[2] In his Reply Brief, Stinchfield asserts that Department policies do not afford sufficient pre-termination due process to officers such as Stinchfield. A reply brief must be confined to new matter raised in the brief of the appellee. M. R. App. P. 12(3). The City does not make due-process arguments in its Response Brief and, moreover, Stinchfield did not raise a constitutional due process claim in his Opening Brief, nor does he show on appeal where this argument was preserved below.

Also in his Reply Brief, Stinchfield brings up allegations of poor conduct and performance by his then-supervisors at the Department. He fails to show how such allegations are relevant to the question of whether he demonstrated an absence of disputed fact material to, or evidence justifying submission to a jury regarding, the question of whether the City had violated an express provision of its policy pursuant to § 39-2-904(1)(c), MCA.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR